**SECURITIES AND EXCHANGE COMMISSION, Plaintiff–Appellee,**

v.

**Paul MONTLE, LS Capital Corporation, Paul V. Culotta, Mario J. Jacoviello, Ilan Arbel, and Europe American Capital Corporation, Defendants,**

Carol C. **MARTINO**, CMA Noel, Ltd., Gerard Haryman, a/k/a Gerard Benamou, and JTM, Ltd., Defendants–Appellants.

No. 02–6115.

United States Court of Appeals, Second Circuit.

May 16, 2003.

Paul A. Batista, Paul A. Batista, P.C., New York, NY, for Appellant.

Giovanni P. Prezioso, General Counsel (Meyer Eisenberg, Deputy General Counsel, Christopher Paik, Special Counsel, Jacob H. Stillman, Solicitor, on the brief), Securities and Exchange Commission, Washington, D.C., for Appellees.

Present: AKES, MESKILL, and CABRANES, Circuit Judges.

## AMENDED SUMMARY ORDER

ON CONSIDERATION WHEREOF, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

Defendants appeal from orders of the District Court granting preliminary injunctions to the Securities and Exchange Commission ("the Commission") enjoining the defendants from disposing of a luxury yacht and requiring that the yacht be moved from waters in the Bahamas to waters in the United States. The defendants claim that (i) personal jurisdiction is lacking as to the relief defendants Gerard Haryman and JTM Inc. ("JTM"), (ii) the District Court abused its discretion in granting the preliminary injunctions, and (iii) the amended complaint adding the relief defendants was barred as untimely under the five-year statute of limitations contained in 28 U.S.C. § 2462. We address these claims in turn.

### 1. Personal Jurisdiction Over Haryman and JTM

█ The District Court correctly determined that personal jurisdiction exists over the relief defendants Haryman and JTM. The Commission brought this action pursuant to Sections 22 and 27 of the Exchange Act, 15 U.S.C. §§ 77v, 78aa, which authorize nationwide service.[1] We have held that Section 27 confers personal jurisdiction over a defendant who is served anywhere within the United States. *Kidder, Peabody & Co., Inc. v. Maxus Energy Corp.*, 925 F.2d 556, 562 (2d Cir.1991).[2]

1. 15 U.S.C. § 77v provides, in pertinent part,

   § 77v. Jurisdiction of offenses and suits
   (a) Federal and State courts; venue; service of process; review; removal; costs
   The district courts of the United States and the United States courts of any Territory shall have jurisdiction of offenses and violations under this subchapter and.... Any such suit or action may be brought in the district wherein the defendant is found or is an inhabitant or transacts business, or in the district where the offer or sale took place, if the defendant participated therein, and *process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found.*
   *Id.* (emphasis added).
   15 U.S.C. § 78aa provides the same, stating in pertinent part,
   § 78aa. Jurisdiction of offenses and suits

   The district courts of the United States and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this chapter.... Any suit or action to enforce any liability or duty created by this chapter or rules and regulations thereunder, or to enjoin any violation of such chapter or rules and regulations, may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business, and *process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found.*
   *Id.* (emphasis added).

2. Although we have not reached the same issue as to Section 22, (i) the language of the relevant parts of both Sections is identical, and (ii) inasmuch as the action is brought

To satisfy the due process requirements of jurisdiction under this statute, therefore, the Government need only show that the relief defendants have "minimum contacts" with the United States, and that the assertion of jurisdiction is "reasonable"—that is, whether the assertion of jurisdiction over the defendant comports with traditional notions of fair play and justice under the circumstances of the case. *Metropolitan Life Ins. Co. v. Robertson–Ceco Corp.*, 84 F.3d 560, 567–68 (2d Cir.1996).

### a. *Jurisdiction over Haryman*

In the instant case, the relief defendant Haryman admits that he is a United States citizen, is married to a United States citizen (Martino), is implicated in this action by virtue of his marriage to Martino, received the yacht purchase agreements in the United States, kept the yacht in United States waters, and listed the yacht for sale with a United States yacht broker. These contacts are more than sufficient to meet the minimum contacts test. Haryman's protestations that he lacks sufficient contacts with New York are irrelevant because his contacts with the United States suffice; moreover, were Sections 22 and 27 of the Exchange Act to require that Haryman have minimum contacts with the jurisdiction of the prosecution, Haryman's contacts with New York would be sufficient.

■ Haryman's claim that assertion of jurisdiction over him is not "reasonable" under the five factors set forth in *Metropolitan Life* has no merit. In brief, Haryman has counsel in the United States (specifically, in New York), the United States has a strong "interest" in this action, jurisdiction over Haryman in the same district in which the action against Martino is proceeding furthers the goals of "convenient and effective relief" and of "efficient resolution of the controversy," and no other forum has any "substantive social polic[y]" interest because the underlying offense conduct took place entirely in the United States and Haryman is a citizen and resident of the United States. *Met. Life*, 84 F.3d at 568 (setting forth the five factors for reasonableness of jurisdiction).

### b. *Jurisdiction Over JTM*

If personal jurisdiction exists over an individual, personal jurisdiction exists also over his or her corporate alter ego. *Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc.*, 933 F.2d 131, 142 (2d Cir.1991). The District Court did not err in finding that JTM is Haryman's alter ego. Therefore, personal jurisdiction exists over JTM because JTM is the alter ego of Haryman.

We review *de novo* a district court's legal conclusion that an entity is an alter ego and review for clear error the findings of fact on which it bases that judgment. *United States v. Funds Held in the Name or for the Benefit of Wetterer*, 210 F.3d 96, 106 (2d Cir.2000). We are "extremely reluctant to disregard corporate form," *id.*, and "do so only when the corporation primarily transacts the business of the dominating interest rather than its own," *id.*

■ Here, the facts found by the District Court, which the appellants do not dispute, demonstrate that JTM not "primarily" but *exclusively* "transacts the business of the dominating interest [Haryman] rather than its own." The District Court found, and the appellants do not dispute, that: JTM, a British Virgin Islands corporation, is completely owned and

under both Sections, Section 27's conferral of nationwide jurisdiction renders Section 22 at worst moot.

controlled by Haryman; Haryman set up the corporation for the sole "purpose of acquiring" the yacht and to limit his liability in case of a yachting accident; the corporation has no assets other than the yacht; and the corporation conducts no business and does "nothing." There is no evidence that the yacht was used for any purpose other than personal recreation by Haryman and Martino.

On these facts, the District Court did not err in concluding that JTM is Haryman's alter ego. Inasmuch as personal jurisdiction exists over Haryman, jurisdiction over his alter ego is proper as well.

### 2. The Granting of the Preliminary Injunction

We review a district court's decision to grant or deny a preliminary injunction for abuse of discretion. *Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 170–71 (2d Cir.2001). A preliminary injunction in favor of the SEC will be upheld unless the issuing court applied legal standards incorrectly or relied upon clearly erroneous findings of fact. *S.E.C. v. Cavanagh*, 155 F.3d 129, 132 (2d Cir.1998). A preliminary injunction enjoining violations of the securities laws is appropriate where the SEC makes a substantial showing of its likelihood of success as to both a current violation and the risk of repetition. *SEC v. Unifund SAL*, 910 F.2d 1028, 1039–40 (2d Cir.1990). A preliminary injunction the subject of which is an asset freeze requires a lesser showing: The SEC must establish only that it is likely to succeed on the merits. *Id.* Unlike a private litigant, the SEC need not show that it would face irreparable harm were the injunction not to issue. *Cavanagh,* 155 F.3d at 132.

The Commission put before the District Court evidence showing that (i) the Commission barred defendant Carol Martino in 1992 from associating with any securities broker or dealer, and (ii) Martino subsequently held herself out as a broker/dealer, brokering sales of stock to investors in private placement transactions in violation of the Commission's bar. This showing fully supports the District Court's conclusion that the Commission is likely to succeed on the merits of this disgorgement action against Martino. *Unifund SAL,* 910 F.2d at 1039–40.

While the SEC is not required to show that it would face irreparable harm were the injunction not to issue, *Cavanagh,* 155 F.3d at 132, the Commission nevertheless also put before the District Court evidence that defendants would attempt to frustrate any judgment in the Commission's favor absent a preliminary injunction. On this point, the Commission showed, *inter alia,* that Martino concealed from the Commission the existence of the funds that she used to purchase the yacht, had denied possessing any assets sufficient to satisfy a disgorgement judgment, and that she and Haryman were endeavoring to dispose of the yacht by placing it for sale with a yacht broker.

For the foregoing reasons, the District Court did not abuse its discretion in granting a preliminary injunction to guard against the dissipation of the only significant asset that the Commission has been able to identify.

### 3. The Statute of Limitations Claim

The defendants argue that the claims against the relief defendants are barred as untimely under the five-year statute of limitations set forth in 28 U.S.C. § 2462, which applies to "any action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture." *Id.* The Commission, relying on cases from the District of Columbia Circuit and the Southern District of New York, claims that § 2462 does not apply to actions for disgorgement be-

cause this statute has been construed only to apply to fines, penalties, or forfeitures that are penal in nature–that is, those that are over and above the restitution amount. Gov't Br. at 20 (citing *Johnson v. SEC*, 87 F.3d 484, 491 (D.C.Cir.1996); *SEC v. Lorin*, 869 F.Supp. 1117, 1122–23 (S.D.N.Y. 1994)).

We need not reach the question of whether § 2462 applies only to penal assessments, or applies also to disgorgement actions, because, under the "relation back" doctrine, the Commission's addition of the relief defendants in its amended complaint falls within the five-year statute of limitations of § 2462 in any event.

If a complaint is amended to include an additional defendant after the statute of limitations has run, "the amended complaint is not time-barred if it 'relates back' to a timely filed complaint." *VKK Corp. v. National Football League*, 244 F.3d 114, 128 (2d Cir.2001); Fed.R.Civ.P. 15(c). Three requirements must be met under Rule 15(c) for an amended complaint that names a new party to be deemed to relate back to the original timely complaint: (i) both complaints must arise out of the same conduct, transaction, or occurrence, (ii) the additional defendant must have been omitted from the original complaint by mistake, and (iii) the additional defendant must not be prejudiced by the delay. *Id.*

The Commission meets these requirements here. As a preliminary matter, the parties do not dispute that the original complaint was timely. As to the requirements of Rule 15(c), (i) the purchase of the yacht and conveyance to Haryman arose out of Martino's attempts to conceal the fees she garnered from violating the Commission's order barring her from associating with a securities broker or dealer, (ii) the Commission was unaware at the time it filed its original complaint of the yacht's purchase and transfer to Haryman and JTM, causing its omission of Haryman and JTM to be "mistake[s]", and (iii) Haryman has raised no argument that he has suffered any prejudice from the delay. We therefore find that the action against the relief defendants is timely under the relation back doctrine, regardless of whether § 2462 applies to disgorgement actions.

Having reviewed all of the Appellants' claims, and finding in them no merit, the judgment of the District Court is **AFFIRMED.**